

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

RONALD COLBERT and
JERRI COLBERT

    Plaintiffs,

v.                             Case No.: 3:09-cv-00998-HES-JRK

THE UNITED STATES OF AMERICA,
KANDIS MARTINE, and PV HOLDING CORP.,
d/b/a BUDGET-A-CAR SYSTEM, INC.,
a foreign corporation

    Defendants.
_____/

## ORDER

Before the Court is Defendants PV Holding Corp. ("PV") and Budget Rent-A-Car System Inc.'s ("Budget")(collectively "Defendants") Motion to Dismiss Counts 3, 7, 10 and 14 of the Complaint (Doc. 9) and Plaintiffs Ronald and Jerri Colbert's ("Plaintiffs") Response (Doc. 11). The Plaintiffs concede that based on the Graves Amendment, Defendants cannot be held vicariously liable for the damages alleged in the instant action under Counts 3 and 10 of the Complaint. *See* 49 U.S.C. § 30106(a)(1)-(2) (dictating that the owner of a motor vehicle, who is in engaged in the business of renting vehicles, is not liable for harm to a person that arises out of the operation of that vehicle absent negligence or criminal wrong doing on the part of the owner); *see also Garcia v. Vanguard Car Rental USA, Inc.*, 540 F.3d 1242, 1253 (11th Cir. 2008)(affirming summary judgment in favor of rental car company who was non-negligent in accident and holding that the Graves Amendment preempts state tort claims). Plaintiffs do,

however, object to outright dismissal of Counts 7 and 14, arguing that those claims are not "based solely on the vicarious liability of Budget." (Pl's Response, Doc. 11 at 2). Plaintiff's bring their action against Defendants under theories of vicarious liability and direct negligence. Though the Defendants cannot be held vicariously liable pursuant to the Graves Amendment, they can be held liable for their direct negligence. Therefore, Counts 7 and 14 are limited in so far that Plaintiffs can only seek to impose liability under direct negligence and not vicarious liability.

Therefore it is **ORDERED** and **ADJUDGED**:

1. Defendants' Motion to Dismiss Counts 3 and 10 of the Complaint is **GRANTED**. Counts 3 and 10 are dismissed with prejudice.

2. Plaintiffs may only seek to impose liability under Counts 7 and 14 for Defendants' direct negligence and not under a theory of vicarious liability.

**DONE AND ENTERED** in Jacksonville, Florida, this 5th day of May, 2010.

HARVEY E. SCHLESINGER
United States District Judge

Copies to:
Matthew Nichols Posgay, Esq.
Ronnie S. Carter, AUSA
Patrick Mason, Esq.
R. Frank Myers, Esq.