UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

FILED
2011 MAY 13 AM 9: 13
CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FL
JACKSONVILLE FLORIDA

JERRI COLBERT, individually, and
JERRI COLBERT, as the Personal
Representative of the ESTATE OF
RONALD COLBERT,

    Plaintiffs,

v.                                                              Case No.: 3:09-cv-998-J-20JRK

THE UNITED STATES OF AMERICA,
KANDIS MARTINE, and
P.V. HOLDING CORP., d/b/a
BUDGET RENT-A-CAR SYSTEM, INC.,
a foreign corporation,

    Defendants.

## ORDER

This cause is before this Court on Defendant United States of America's Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. 47), the parties' cross motions for summary judgment (Docs. 44, 45, 46, and 47), and responses thereto (Docs. 50, 51, 52, 53, and 55).

### I. Introduction

Plaintiffs initiated this action on October 2, 2009. (Doc. 1). It arises out of an April 2, 2007 automobile accident, in Jacksonville, Florida. The fifteen (15) count Second Amended Complaint (Doc. 68), filed March 29, 2011, alleges claims of negligence, loss of consortium, and wrongful death against the United States (Counts I, IV, VII, X, and XIII), Kandis Martine (Counts II, V, VIII, XI, and XIV), and P.V. Holding Corp., d/b/a Budget Rent-A-Car, Inc.

(Counts III, VI, IX, XII, and XV).

The United States moves to dismiss Plaintiffs' claims under the Federal Tort Claims Act ("FTCA") for lack of subject matter jurisdiction. (Doc. 47). In addition, Jerri Colbert ("Mrs. Colbert"), individually and as the personal representative of the estate of Ronald Colbert ("Mr. Colbert") (collectively "Plaintiffs");[1] the United States of America ("United States"); Kandis Martine ("Martine"); and P.V. Holding Corp., d/b/a Budget Rent-A-Car, Inc. ("Budget") (collectively "Defendants") have filed cross motions for summary judgment. (Docs. 44, 45, 46, and 47).

Specifically, Plaintiffs seek partial summary judgment in their favor on the issues of Martine's negligence and her status as a federal employee under the FTCA. (Doc. 45). Defendants, on the other hand, request that this Court grant summary judgment in their favor on all counts based on Plaintiffs' failure to rebut Florida's rear-end collision presumption. (Docs. 44 and 47). Defendants Martine and Budget also ask, in the alternative, that this Court grant partial summary judgment against Plaintiffs regarding their claims against Budget. (Doc. 44).

## II. Statement of Facts[2]

On April 1, 2007, Martine was employed by the Navajo Nation Department of Justice ("NNDOJ") as a staff attorney. Lucy Laughter-Begay, an employee of NNDOJ client Navajo Children and Family Services Program ("Program"), had requested Martine's assistance regarding

---

[1] Plaintiffs' motions were originally filed by Ronald and Jerri Colbert. However, Ronald Colbert passed away during the pendency of this action, and therefore, Plaintiffs amended their complaint to substitute Mr. Colbert's estate as Plaintiff and add claims for wrongful death. (*See* Doc. 68). Though Plaintiffs filed the amended complaint after the instant motions, the parties represented that the motions remain viable at the hearing held on February 23, 2011.

[2] This Court's use of the word "facts" is solely for purposes of deciding the Motions before it. *Kelly v. Curtis*, 21 F.3d 1544, 1546 (11th Cir. 1994) (citation omitted).

the adoption of a Navajo child in Jacksonville. Because Martine was not admitted to practice law in Florida, she secured a local attorney, Jodi Seitlin, to represent the Program in the matter.

A hearing was scheduled for April 2, 2007, in Jacksonville, and Ms. Laughter-Begay and Martine planned to travel to the city to attend the proceedings. After their arrival in Jacksonville, Ms. Laughter-Begay rented a car from Budget. Budget did not supply any map or travel aid for the area, however, Martine did have a street map of Jacksonville that the company had provided six months earlier on a previous business trip. Although the map outlined the city streets, it did not designate which streets allowed only one-way traffic.

On April 2, 2007, before the hearing, Ms. Laughter-Begay and Martine were scheduled to meet with Ms. Seitlin in downtown Jacksonville to review and discuss the adoption proceedings. Because Ms. Laughter-Begay felt uncomfortable driving in the city, she asked Martine to drive. The women arrived downtown sometime before 10:00 a.m. and began circling one of the city blocks to look for a parking space. While circling, Martine turned onto a one-way street and proceeded in the wrong direction.

Shortly after Martine turned down the one-way street, James Murphy made a turn onto the same road and began traveling in the correct direction toward Martine's car. Upon seeing Martine's car approaching, Mr. Murphy abruptly stopped and narrowly missed colliding with Martine and Ms. Laughter-Begay. Unfortunately, Mr. Colbert and his passenger, Mrs. Colbert, had been following Mr. Murphy around the turn and were unable to avoid hitting his car from behind.

Plaintiffs represent that they sustained significant injuries in the collision. Accordingly, they submitted a claim to the Navajo Nation Risk Management Program. The NNDOJ instructed

Plaintiffs to file administrative claims with the United States Department of the Interior, pursuant to the FTCA. After receiving no response within six months of filing their claim with the Department of Interior, Plaintiffs initiated this action.

Nevertheless, two weeks after filing suit in this Court, Plaintiffs received a letter, dated October 14, 2009, which stated that the Department denied responsibility for Martine's actions on the ground that she was not considered a federal employee pursuant to any contract with the Navajo Nation.

## III. Motions for Summary Judgment

### A. Standard of Review

Under Fed. R. Civ. P 56(a), "A party claiming relief may move, with or without supporting affidavits, for summary judgment on all or part of the claim." Summary judgment is proper if following discovery, the pleadings, depositions, answers to interrogatories, affidavits, and admissions on file show that there is no genuine issue as to any material fact in dispute and that the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); Fed. R. Civ. P. 56. The movant "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323 (internal quotations omitted).

This Court recognizes that it may not decide genuine factual disputes at the summary judgment stage. *Fernandez v. Bankers Nat'l Life Ins. Co.*, 906 F.2d 559, 564 (11th Cir. 1990). A dispute about a material fact is genuine, and summary judgment is inappropriate, if the

evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Haves v. City of Miami*, 52 F.3d 918, 921 (11th Cir. 1995). The district court must view all evidence most favorably toward the nonmoving party, and all justifiable inferences are to be drawn in the nonmoving party's favor. *Whatley v. CNA Ins. Cos.*, 189 F.3d 1310, 1313 (11th Cir. 1999). If the district court finds, under the relevant standards, that a disputed factual issue exists, summary judgment should be denied.

**B. Discussion**

### i. Plaintiffs' Negligence

Defendants move for summary judgment on the issue of negligence. They claim that Plaintiffs have failed to rebut the presumption that Mr. Colbert, as the rear driver, is the sole proximate cause of the accident. (Docs. 44, 47).

As an initial matter, it is not apparent that the rear-end collision presumption applies in this instance. In Florida, there exists a rebuttable presumption that the negligence of the rear driver in a rear-end collision was the sole proximate cause of the accident. *See, e.g., Clampitt v. D.J. Spencer Sales*, 786 So.2d 570, 572-73 (Fla. 2001); *Dep't of Highway Safety & Motor Vehicles v. Saleme*, 963 So.2d 969, 972 (Fla. 3d DCA 2007). It "arises out of necessity *in cases where the lead driver sues the rear driver*." *Clampitt*, 786 So.2d at 572-73 (emphasis added); *see Charron v. Birge*, 37 So.3d 292, 297 (Fla. 5th DCA 2010) ("The presumption exists to fill an evidentiary void for the lead driver; it does not exist to insulate a negligent lead driver from liability for his negligence."); *see also Charron*, 37 So3d at 297 ("The presumption clearly does not apply where a passenger of the following vehicle sues the lead driver for his negligence."); *but cf. Cevallos v. Rideout*, 18 So.3d 661, 663 (Fla. 4th DCA 2009) ("Where the plaintiff is the

rear driver, however, the rear-driver plaintiff, like the rear-driver defendant must prove that the lead-driver stopped abruptly and arbitrarily to the rebut the presumption that the plaintiff's own negligence was the sole proximate cause of the accident.").

Defendants cite no authority for the proposition that a defendant who is neither the lead or rear driver in the accident may use the presumption as a shield for his or her own negligence. *Cf. Pierce v. Progressive Am. Ins. Co.*, 582 So.2d 712, 714 (Fla. 5th DCA 1991) (recognizing, in relation to a four vehicle collision, that the presumption of negligence arising from the collision between the first and second cars inured only in favor of the driver of the first car, and against the driver of the second car).

Notwithstanding, even assuming the presumption applies, Plaintiffs would be able to overcome it. To overcome the rear driver presumption, the rear driver must provide evidence establishing that he or she cannot have been expected to anticipate the lead driver's sudden stop. *Cevallos*, 18 So.3d at 663; *see Cleaveland v. Fla. Power and Light, Inc.*, 895 So.2d 1143, 1145 (Fla. 4th DCA 2005) ("It is when the lead vehicle suddenly stops, but the stop happens at a place and time where such an event is reasonably expected, that the presumption of negligence is not rebutted."). "Overcoming the presumption that the following driver was negligent will often be based on evidence that the lead driver was negligent, but this is not necessarily so." *Jefferies v. Amery Leasing, Inc.*, 698 So.2d 368, 372 (Fla. 5th DCA 1997) (noting that a rear-end collision "could have a cause other than the negligence of either the lead or the following driver"); *see also Pierce*, 582 So.2d at 714-15 (noting that evidence of the preceding drivers' negligence could be used to rebut the presumption of the rear-driver plaintiff's negligence in a four-car accident).

Here, Plaintiffs have presented evidence that Martine drove the wrong way down a one-way street causing Mr. Murphy to come to an abrupt stop after rounding a corner. Plaintiffs assert that they could not have anticipated the sudden stop. This Court agrees. A sudden stop, immediately after rounding the corner of an intersection, in the middle of the street, and due to an oncoming vehicle traveling in the wrong direction is not the type of event that a rear-driver should reasonably anticipate. Moreover, here, there is evidence from which a jury could reasonably conclude that another driver's negligence caused the accident. *Cf. Servello & Sons, Inc. v. Sims*, 922 So.2d 234, 236 (Fla. 5th DCA 2006). Thus, even if applicable, the presumption has been rebutted and the issue of Plaintiffs' negligence is for the jury to decide.

### ii. Martine's Negligence

Plaintiffs move for summary judgment on their negligence claims against Martine. (Doc. 45). However, after consideration of the issues raised by the motion and the supporting documents, this Court determines there exist genuine disputes of fact that preclude the entry of summary judgment regarding these claims.

### iii. Budget's Negligence

Defendants Martine and Budget move for summary judgment on Plaintiffs' claims of negligence against Budget. Specifically, they argue that Budget had no legal duty to warn Martine that there were one-way streets in downtown Jacksonville. (*See* Doc. 44 at 6).

In a negligence action, the determination of whether a defendant owes any duty to the plaintiff is a threshold question of law. *Robert-Blier v. Statewide Enters., Inc.*, 890 So.2d 522, 523 (Fla. 4th DCA 2005). "A duty may arise from the general facts of a case when one undertakes to provide a service to others and thereby assumes a duty to act carefully and not to

put others at an undue risk of harm." *Id.* (internal quotation marks omitted). "'The duty element of negligence focuses on whether the defendant's conduct foreseeably created a broader "zone of risk" that poses a general threat of harm to others.'" *Estate of Johnson v. Badger Acquisition of Tampa, LLC*, 983 So.2d 1175, 1180 (Fla. 2nd DCA 2008) (quoting *McCain v. Fla. Power Corp.*, 593 So.2d 500, 502 (Fla.1992)).

Plaintiffs argue that by enabling Martine to operate a motor vehicle on a public highway in Jacksonville, Budget accepted the broad responsibility to provide Martine with the means necessary to navigate the city safely, such as accurate maps or other travel aids or an instruction to refer to updated, accurate maps or other travel aids. (Doc. 50 at 4).

Plaintiffs fail to cite any authority imposing such a duty on a car rental company and this Court is unwilling to do so. While a car rental company may owe various duties to its renters depending on the circumstances, "[t]he law imposes no requirement that one who rents equipment such as a boat or vehicle instruct the renter on every possible danger that could be faced." *Craine v. U.S.*, 722 F.2d 1523, 1525 (11th Cir. 1984); *c.f., Shurben v. Dollar Rent-A-Car*, 676 So.2d 467 (Fla. 3d DCA 1996) (finding that a the defendant has a duty to warn the plaintiff of foreseeable criminal conduct, particularly in light of the superior knowledge of the car rental company). If a car rental company is not expected "to warn its customers about the dangers of reckless operation of a vehicle along hazardous roads during inclement weather[,]" *Crane*, 722 F.2d at 1525, Budget should not be burdened with warning licensed drivers of the dangers presented by normal road conditions, i.e. one-way streets.

Even if it could be said that Budget, by providing a map six months earlier, incurred the duty to provide a sufficient map or travel aid, that duty would not extend so far as to require the

company to provide notice of the street directions. Plaintiffs do not claim that the city streets lacked signs indicating the proper traffic direction or that Budget had superior knowledge of this fact. Accordingly, Defendants' motion for summary judgment on the issue of Budget's negligence is due to be granted.

## IV. Coverage Under the FTCA

The United States has provided for a limited waiver of its sovereign immunity pursuant to the FTCA, which states:

> the district courts . . . shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1). If the Attorney General certifies that a Federal employee was acting within the scope of his office or employment at the time of an accident, the named defendant employee is dismissed from the action and the United States is substituted as the defendant, and the case is then governed by the FTCA. *Seneca v. United South and Eastern Tribes*, 318 F. App'x 741, 744 (11th Cir. 2008) (per curiam).

Congress extended the United States' liability under the FTCA by way of the Indian Self Determination and Education Assistance Act of 1975, Pub. L. No. 93-638, 88 Stat. 2203 (1975) (codified as amended principally at 25 U.S.C. § 450 *et seq.*) ("ISDEAA"). "When an Indian tribe or tribal organization operates pursuant to a self-determination contract and its employees operate within the scope of their employment in carrying out such a contract or agreement, the organization is considered a part of the Federal government and its employees are considered

Federal employees for the purposes of the FTCA." *Seneca,* 318 F. App'x at 744.

On October 14, 2009, the U.S. Department of the Interior denied certification to Martine that she was a federal employee pursuant to any self-determination contract with the Navajo Nation. In accordance with the denial, the United States seeks dismissal of the action on the ground that Plaintiffs cannot demonstrate that this Court has subject matter jurisdiction pursuant to the FTCA. (*See* Doc. 47 at 2). Plaintiffs and Martine, on the other hand, argue that Martine is covered by the FTCA and have moved for summary judgment on the issue. (*See* Docs. 45 and 46).

Rule 12(b)(1) motions challenging a court's subject matter jurisdiction come in two forms: (1) a "facial" attack motion; and (2) a "factual" attack motion. *Morrison v. Amway Corp.*, 323 F.3d 920, 925 n.5 (11th Cir. 2003). A facial attack challenges the complaint based solely on the four corners of the complaint, with the court taking the facts alleged in the complaint as true. *Id.* On the other hand, a factual attack demurs subject matter jurisdiction irrespective of the pleadings, allowing a court to consider extrinsic evidence such as testimony and affidavits so long as the facts necessary to sustain jurisdiction do not implicate the merits of plaintiff's cause of action. *Id.* at 924-25; *Simplexgrinnell, L.P. v. Ghiran*, No. 2:07-cv-456-FtM-29DNF, 2007 WL 2480352, at *1 (M.D. Fla. Aug. 29, 2007). "[I]n a factual 12(b)(1) motion . . . the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. [N]o presumptive truthfulness attaches to plaintiff's allegations . . . ." *Morrison,* 232 F.3d at 925 (quoting *Lawrence v. Dunbar,* 919 F.2d 1525, 1529 (11th Cir. 1990)).

"Despite the ability of the Court to inquire into whether a proper jurisdictional basis exists after a factual attack is made, the Eleventh Circuit also has cautioned that where the factual

attack upon jurisdiction implicates an element of the cause of action, then the proper course is to treat the 12(b)(1) Motion as a Motion to Dismiss made under FRCP 12(b)(6) or a Motion for Summary Judgment under FRCP 56." *Ivey v. U.S.*, 873 F. Supp. 663, 668 (N.D. Ga. 1995) (citing *Lawrence*, 919 F.2d at 1529; *Eaton v. Dorchester Dev., Inc.*, 692 F.2d 727 (11th Cir. 1982)); *see Morrison*, 323 F.3d at 925.

In this case, the United States mounts a factual attack on subject matter jurisdiction since it offers extrinsic evidence in support of its objection. However, because the Government's attack involves the question whether Martine was a federal employee acting within the scope of her employment pursuant to the FTCA, it necessarily implicates the merits of Plaintiffs' action. *See, e.g., Womack v. U.S.*, Nos. 2:08-CV-534-WKW[WO], 2:08-CV-664-WKW[WO], 2009 WL 2473514, at *4 (M.D. Ala. Aug. 12, 2009) (summarizing cases). Thus, the proper course "is to find that jurisdiction exists and deal with the objection as a direct attack on the merits of the plaintiff[s'] case[.]" *Lawrence*, 919 F.2d at 1529 (quoting *Williamson v. Tucker*, 645 F.2d 404, 415 (5th Cir. 1981)). In addition, as evidence outside the pleadings was submitted, the Rule 56 summary judgment standard must be applied in resolving the dispute. *Womack*, 2009 WL 2473514, at *5 (citing *Lawrence*, 919 F.2d at 1530).

After consideration of the issues raised by the motions and the supporting documents, this Court determines there exist genuine disputes of fact that preclude the entry of summary judgment on this issue.

Therefore, it is **ORDERED** and **ADJUDGED**:

1. Defendants, Martine's, PV Holding's & Budget's Motion for Summary Judgment (Doc. 44, filed October 25, 2010) is **GRANTED in part and DENIED in part**. The Clerk is directed

to enter judgment on Counts III, VI, IX, XII, and XV in favor of P.V. Holding Corp., d/b/a Budget Rent-A-Car, Inc. In all other respects, the motion (Doc. 44) is **DENIED**.

2. Plaintiffs' Dispositive Motion for Partial Summary Judgment Against Defendants United States, Kandis Martine, and PV Holding Corp., d/b/a Budget Rent-A-Car System, Inc. (Doc. 45, filed October 25, 2010) is **DENIED**.

3. Defendant Martine's Motion for Partial Summary Judgment (Doc. 46, filed October 25, 2010) is **DENIED**.

4. Defendant United States of America's Motion to Dismiss for Lack of Subject Matter Jurisdiction and for Summary Judgment (Doc. 47, filed October 25, 2010) is **DENIED**.

**DONE AND ENTERED** in Jacksonville, Florida, this _12_ day of May, 2011.

HARVEY E. SCHLESINGER
United States District Judge

Copies to:
Dennis Patrick Dore, Esq.
Matthew Nichols Posgay, Esq.
Patrick Mason, Esq.
Ronnie S. Carter, Esq.
R. Frank Myers, Esq.
Pamela J. Nelson, Esq.

12